UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ANTHONY CAIN                                                                         PLAINTIFF
a/k/a JEFFERY JOHNSON

v.                                                    CIVIL ACTION NO.  5:23-CV-P73-JHM

JIMMY LEE SCOTT *et al.*                                                         DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Anthony Cain, also known as Jeffery Johnson, filed the instant *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  By prior Memorandum and Order, the Court instructed Plaintiff to file a superseding second amended complaint which would replace Plaintiff's prior pleadings in this action.  The Order informed Plaintiff that the Court would conduct an initial review pursuant to 28 U.S.C. § 1915A of the seconded amended complaint only.  Plaintiff has now filed a second amended complaint, and it is before the Court for review pursuant to § 1915A.  For the reasons stated below, the Court will dismiss this action.

## I.

In the second amended complaint (DN 31), Plaintiff indicates that he is incarcerated as a pretrial detainee at Calloway County Jail (CCJ).  Plaintiff sues Calloway County and "West KY Correctional Health Care" (WKCH).  He also sues CCJ Deputy Jailer Penny Stein, Nurse Sheila Peek, Nurse Christy Wothom, and fellow inmate Jimmy Lee Scott.

Plaintiff first alleges that he is being denied mental health care by Calloway County.  He states that the only mental health care provided "is triage E-val for suicide watches."  Plaintiff states that he has chronic mental illness and that Calloway County has refused to provide him counseling, even after he was assaulted by another inmate, Defendant Scott.  Plaintiff  alleges that

Defendant Stein placed Defendant Scott, a violent inmate who she believed would assault Plaintiff, in a cell with Plaintiff because Plaintiff filed a lawsuit against her husband in 2014 for brutally assaulting him.   Plaintiff states that the assault by Defendant Scott on May 11, 2023, resulted in a spinal cord injury and that Defendants Calloway County, WKCH, Nurse Peek, and Nurse Wothom refuse to send him to a "back + neck specialist for MRI with + without contrast."

Plaintiff attaches several exhibits to the second amended complaint.  The first exhibits are his requests to medical to see a "specialist" for an MRI after he was allegedly assaulted by Defendant Scott on May 11, 2023.  In some of the requests, Plaintiff states that he has a bulging disc.  The records show that Plaintiff was prescribed pain medication after the assault (DN 31-1, p. 7).  The records also show that Plaintiff first requested a cat scan/MRI on May 15, 2023, and stated that emergency surgery was needed (DN 31-1, p. 6).  Plaintiff was seen by Defendant Nurse Peek on June 12, 2023, and wrote as follows in the medical progress note: "C/O Back Pain – Thoracic Area, states he was assaulted in 2014, pain since then.  Paranoia noted – declines pysch medication."  (DN 31-1, p. 17).  This note shows that Defendant Nurse Peek prescribed Plaintiff ibuprofen to address his pain.  Plaintiff also attaches the medical progress note that was completed after he was seen by Defendant Nurse Peek on September 18, 2023.  In this note, Defendant Nurse Peek writes, "X-rays from 2017 & 2021 discussed. . . .   Voices understanding but does not agree [with] results. . . ."[1]  (DN 31-1, p. 18)

Plaintiff asserts that these allegation show that Defendants violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

As relief, Plaintiff seeks damages and injunctive relief in the form of an MRI.

---

[1]Plaintiff attaches a radiology report from January 2017 which shows he was diagnosed with degenerative disc disease (DN 31-1, p. 14) and x-ray results from June 8, 2021, which found "no radiographic evidence of acute disease in the thoracic spine" (DN 31-1, p. 16).  Both of these documents included a sentence, cited by Plaintiff, stating, "If there is continued clinical concern, then cross-sectional follow-up is recommended."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Fourth, Fifth, and Eighth Amendments

Plaintiff does not explain how the Fourth, Fifth, or Eighth Amendment applies to his allegations. The Fourth Amendment protects against "unreasonable searches and seizures . . .," U.S. Const. amend. IV, and the Fifth Amendment applies to criminal actions. U.S. Const. amend. V. The Eighth Amendment provides certain protections to convicted prisoners, not pretrial detainees such as Plaintiff. *See, e.g.*, *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### B. First Amendment

Plaintiff alleges that Defendant Stein placed Defendant Scott, a violent inmate who she knew would injure Plaintiff, in a cell with Plaintiff in retaliation for Plaintiff filing a lawsuit against her husband in 2014 for assault.

To state a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

The Court will assume for purposes of this review only that Plaintiff has satisfied the first and second prongs of a retaliation claim. Plaintiff, however, fails to satisfy the third prong.

"[R]etaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). A plaintiff may rely on circumstantial evidence, but must still provide "specific, nonconclusory allegations" linking his conduct to a defendant's retaliatory act. *Spencer v. City of Catlettsburg*, 506 F. App'x 392, 396 (6th Cir. 2012). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts'" will not suffice. *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (requiring "concrete and relevant particulars"). A plaintiff may allege a chronology of events from which a defendant's retaliatory animus could reasonably be inferred. *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citations omitted). Other evidence courts examine to determine causation include statements by defendants or the disparate treatment of other prisoners. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010); *see also Patterson v. Godward*, 370 F. App'x 608, 610 (6th Cir. 2010).

The second amended complaint does not contain allegations of temporal proximity or disparate treatment from which the Court can infer retaliatory animus. Plaintiff has only provided conclusory allegations of retaliatory motive and has not provided any evidence - direct or circumstantial - in support. "By 'merely alleg[ing] the ultimate fact of retaliation,' Plaintiff's argument for causation, and thus for actionable retaliation, fails." *Flournoy v. Hemingway*, No. 20-13130, 2021 U.S. Dist. LEXIS 93709, at *22 (E.D. Mich. May 18, 2021) (quoting *Murray*, 84 F. App'x at 556).

For this reason, the Court will dismiss Plaintiff's retaliation claim against Defendant Stein.

## C. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees

in conditions that 'amount to punishment.'"  *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015)
(quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Therefore, when a pretrial detainee asserts a
claim related to medical treatment, the claim is analyzed under the Fourteenth Amendment.
*Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*,
893 F.3d 877, 890 (6th Cir. 2018)).  In *Brawner v. Scott Cnty.*, the Sixth Circuit held in a panel
decision that "*Kingsley* requires modification of the subjective prong of the deliberate-indifference
test for pretrial detainees" in the context of a claim of deliberate indifference to serious medical
needs.  18 F.4th 551, 596 (6th Cir. 2021).  *Brawner* held that to show deliberate indifference, "[a]
defendant must have not only acted deliberately (not accidentally), but also recklessly 'in the face
of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"
*Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).  Put another way, the Sixth Circuit
held, "A pretrial detainee must prove more than negligence but less than subjective intent—
something akin to reckless disregard."  *Id.* (internal quotation marks omitted).

Since its decision in *Brawner*, the Sixth Circuit has issued several decisions applying the
standard for deliberate-indifference-to-serious-medical-needs claims brought by pretrial detainees.
In *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), for example, a Sixth Circuit panel articulated
the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious
> medical need; (2) a reasonable officer at the scene (knowing what the particular jail
> official knew at the time of the incident) would have understood that the detainee's
> medical needs subjected the detainee to an excessive risk of harm; and (3) the prison
> official knew that his failure to respond would pose a serious risk to the pretrial
> detainee and ignored that risk.

*Id.* at 757.  The court found that this standard still "ensur[es] that there is a sufficiently culpable
mental state to satisfy the []high bar[] for constitutional torts grounded in a substantive due process

6

violation." *Id*. at 758.

Thereafter, a Sixth Circuit panel decided *Helphenstine v. Lewis Cnty*., 60 F.4th 305, 316 (6th Cir. Feb. 9, 2023), which held that *Trozzi*'s "framing of the elements is irreconcilable with *Brawner*." The Sixth Court stated, "Simply put, *Brawner* held that *Kingsley* required us to lower the subjective component from actual knowledge to recklessness." *Id*. The court found that since *Brawner* was decided before *Trozzi*, *Brawner* controls. *Id*. Moreover, "[a]s to the second prong, it is important to note that *Brawner* did not change the principle that mere medical negligence, nor a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation[] under . . . the Fourteenth Amendment." *Vontz v. Hotaling*, No. 2:19-cv-12735, 2023 U.S. Dist. LEXIS 62994, at *15 (E.D. Mich. Mar. 6, 2023) (citing *Brawner*, 14 F.4th at 596), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 62432 (E.D. Mich., Apr. 10, 2023); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

### 1. Denial of MRI

For purposes of this initial review only, the Court will assume that Plaintiff's continued back pain constitutes an objectively serious medical need. Defendant's allegation against Defendant Nurses Peek and Wothom is that they refused to send him to a "back + neck specialist for MRI with + without contrast" despite his repeated requests for such.

The Court first notes that Plaintiff does not allege that he has not received treatment for his back pain. And, indeed, the records provided by Plaintiff show that he received pain medication after he was assaulted by Defendant Scott. The records also show that he was seen by Defendant

Nurse Peek for his back pain on at least two occasions and that she prescribed him pain medication for his back pain on at least one occasion. The sick call requests submitted by Plaintiff additionally show that although he always states he is in "extreme pain," he never requests pain medication, only referral to a specialist for an MRI.

Plaintiff's allegations and exhibits show that he has received medical care for his back pain. He disputes the adequacy of this treatment. However, nothing in these filings allows the Court to infer that Defendant Nurse Peek or Wothom, or any other Defendant, acted recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'" by failing to refer him to a specialist for an MRI. *Brawner*, 18 F.4th at 596 (quoting *Farmer*, 511 U.S. at 836).

Thus, Plaintiff's claims regarding an MRI must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Denial of Counseling

Plaintiff also argues that he has a "chronic mental illness" but that Defendants will not provide him counseling. The records submitted by Plaintiff show that has been prescribed medications for mental illness and that he declined to take them. As above, because the records attached to the complaint show that Plaintiff has received treatment for his mental health issues, and that he simply disputes his providers' decision not to refer him to a counselor, the Court concludes that this claim likewise fails to state a claim upon which relief may be granted.

### D. Defendants Calloway County and WKCH

Plaintiff claims that the alleged violations of his constitutional rights at CCJ are based upon the customs and policies of Calloway County and WKCH. When a § 1983 claim is made against a municipality, such as Calloway County, the Court must analyze two distinct issues: (1) whether

8

Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs*., 436 U.S. at 691.   The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against to a private entity contracted to provide medical care to inmates such as WKCH.   *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates).

Here, Plaintiff's claims against Calloway County and WKCH fail because the Court has concluded that the second amended complaint does not show that any harm Plaintiff suffered was the result of a constitutional violation.   Thus, Plaintiff's claims against Calloway County and WKCH must also be dismissed for failure to state a claim upon which relief may be granted.

### E.  Defendant Scott

Plaintiff also sues Defendant Scott, the inmate who Plaintiff alleges assaulted him on May 11, 2023.  Defendant Scott must be dismissed from this § 1983 action because the statute requires that the alleged constitutional violation be committed by a person acting under color of state law. The statute does not protect against private action.  To be subject to suit under § 1983, Defendant Scott's conduct must be fairly attributable to the state; that is, the challenged action must have been taken under color of state law. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 936-39 (1982); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991).

Thus, because Plaintiff fails to allege facts showing that Defendant Scott was acting under

9

the color of state law when he allegedly assaulted Plaintiff, the Court finds that Plaintiff's claims against him must also be dismissed for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date:  November 14, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.011

10